# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **JUAN CARLOS OCASIO**, <br><br> Plaintiff, <br><br> v. <br><br> **MERIT SYSTEMS PROTECTION BOARD**, <br><br> Defendant. | Civil Action No. 15-cv-1019 (TSC) |

## MEMORANDUM OPNION

Plaintiff Juan Carlos Ocasio brings this *pro se* Freedom of Information Act ("FOIA") lawsuit against the Merit Systems Protection Board ("MSPB") seeking records in the agency's administrative case file for *Lugo v. Department of the Navy*, MSPB Docket No. SF-0752-00-0499-I-1. (Compl. ¶ 5). Before the court are the following motions: (1) MSPB's Motion for Summary Judgment (ECF No. 10); (2) Ocasio's Motion to Take Judicial Notice (ECF No. 17); and (3) Ocasio's Cross-Motions for Summary Judgment (ECF Nos. 19, 24). For the reasons set forth below, the court will GRANT the MSPB's motion for summary judgment, DENY Ocasio's motions for summary judgment and DENY his Motion to Take Judicial Notice.

### I. BACKGROUND

Ocasio submitted a FOIA request in March or April of 2015 seeking records regarding a

MSPB administrative matter. (Defs. Br. p. 2 n.1; ECF 10-3, Larbi Decl. ¶ 2, Ex. 1).[1] The MSPB is an independent, quasi-judicial agency in the executive branch that was established by the Civil Service Reform Act of 1978 ("CSRA"), Public Law No. 95-454, codified at 5 U.S.C. § 1101, *et seq*. (1996). A federal employee who is removed from service or suffers certain other adverse or disciplinary action may appeal to the MSPB. An Administrative Law Judge ("ALJ") from the MSPB adjudicates the appeal and issues the initial decision. The ALJ's decision becomes final if the employee does not file a petition for review within thirty-five days after the decision was issued. If the employee is dissatisfied with the decision, she may file a petition for review with the three-member MSPB. Once the board issues a decision, the employee may appeal to a federal appellate or district court, depending on the nature of his claims. *See* 5 U.S.C. § 7703.

Ocasio's 2015 FOIA request sought documents contained in the "board file," but he failed to identify the name or number of a MSPB case. (ECF No. 10-3, Larbi Decl. at Ex. 1). Instead, he informed the MSPB of his then pending FOIA litigation in this District Court, 13-cv-921-TSC, a case that had no apparent connection to the MSPB. (ECF No. 10-3, Larbi Decl. at Ex. 1). Rather, the pending litigation, 13-cv-921-TSC, involved a request for documents relating to a third-party who had allegedly impersonated a federal officer and violated the Stolen Valor Act by falsely claiming to have received military honors. *See Ocasio v. U.S. Dep't of Justice*, No. 13-cv-0921 (TSC), 2016 WL 7017233, at *1 (D.D.C. Dec. 1, 2016). Attached to his FOIA request, however, appeared to be a list of the documents he sought from the MSPB, but the list contained generic descriptions such as "Appellants [sic] request for board subpoenas," "Agency's motion for subpoena," and "MSPB

---

[1] The MSPB filed two briefs with attached exhibits: a brief in support of its motion for summary judgment (ECF No. 10) and a reply brief (ECF No. 22). The MSPB did not, however, designate the exhibits with letters or numbers. Accordingly, the court will cite to the exhibits using a description of the exhibit and the ECF number (e.g., ECF No. 10-3, Larbi Decl.).

Hearing tapes." (ECF No. 10-3, Larbi Decl. at Ex. 1). In addition to the list, it appears that Ocasio attached some documents to the request and, from those documents, the MSPB was able to determine that he sought records from *Lugo v. Department of the Navy*, MSPB Docket No. SF-0752-00-0499-I-1, a case in which Ocasio had registered as a non-attorney appellant representative. (*See id.*, Larbi Decl. ¶ 6).

While the MSPB was in the process of obtaining a release from Lugo, Ocasio filed this lawsuit. (*Id.* ¶¶ 7-8). The MSPB subsequently released the requested records, including hearing tapes. (*Id.* ¶ 9).

Ocasio responded to the release of records by contacting defense counsel via email and explaining that he had not received copies of the notes the ALJ had taken during the administrative hearing. (ECF No. 10-5. Ellison Decl., Ex. A). The Agency subsequently filed the instant summary judgment motion, in which it argues that it: (1) conducted a reasonable and adequate search for the requested records; and (2) subsequently produced all responsive records. The MSPB also notes that the ALJ had not been required to take or keep notes. More importantly, the MSPB was unable to produce the ALJ's notes because they had been destroyed: the ALJ issued his opinion in *Lugo* on February 6, 2001, more than fourteen years before Ocasio submitted his FOIA request. (Defs. Br. pp. 2-3; *see* Compl. ¶ 5).

The MSPB submitted with its brief a declaration from Anthony Ellison, the ALJ who had presided over the administrative hearing. (ECF No. 10-4, Ellison Decl.). Judge Ellison declared that his custom was to retain his notes for two years and then destroy them. (ECF No. 10-4, Ellison Decl. ¶¶ 5- 6). The administrative hearing at issue here was held November 2–3, 2000. (*Id.* ¶ 6). Because the petitioner did not file a petition for review, Judge Ellison's decision became final on February 6, 2001. (*Id.* ¶¶ 3, 6). He destroyed the case notes two years later. (*Id.* ¶ 6).

Ocasio responded by filing a cross-motion for summary judgment, arguing that the MSPB had failed to release some of the audio recordings and part of the case record. (ECF No. 19, Pls. Br. pp. 2-4). Ocasio also "vigorously object[ed] to the assertion that the hand written notes were (a) destroyed and (b) it was the ordinary customary habit of this Judge to maintain said record for an arbitrary period of time and then discard them. Plaintiff asserts the suspicion of the untruthfulness of this assertion . . . ." (*Id*. p. 5). Citing to a document he obtained from the MSPB during discovery in a California federal case, Ocasio appears to contend that the ALJ's notes still existed because they were mentioned in the present tense in the discovery documents. (*Id*. p. 6). He also argues that the MSPB has not presented any legal justification supporting the destruction of the documents and hypothesizes that the ALJ engaged in some improper conduct. (*Id*.) Finally, Ocasio argues that the absence of the notes meant he was entitled to an "adverse inference," but he provides no evidentiary or legal authority to support any of his allegations or arguments. (*Id.* p. 7).

The MSPB admits it inadvertently failed to release all of the requested documents, and subsequently sent Ocasio the additional parts of the MSPB case record and the additional hearing tapes he sought. (ECF No. 22-1, Everling Decl. ¶¶ 3-5). The MSPB argues that, given its release of the remaining parts of the file, it has fully complied with its FOIA obligations. It points out that it had not released the ALJ's notes because: (1) Plaintiff did not ask for the notes in his FOIA request; (2) the notes had been destroyed; and (3) even if they had not been destroyed, the notes were not a part of the official MSPB case file. (ECF No. 22, Defs. Reply p. 2).

Plaintiff then filed another opposition and cross-motion for summary judgment in which he repeats some of his prior arguments, but also raises new arguments. (ECF No. 23). Specifically, he contends that the ALJ should have known that his notes might become relevant and should have retained them. Ocasio also asserts that the ALJ engaged in misconduct, alleging that Judge Ellison

"manifested a form of prejudice and exhibited an overt bias" against the claimant while handling the initial hearing and somehow "sabotaged" the appeal. (*Id*. pp. 11, 13). Ocasio provides only vague accusations to support his allegations:

- "Judge Elison's [sic] conduct towards Appellant Lugo was inexplicable, as we totally and completely dismantled the agencies' witnesses. Judge Elison began to write furiously. When we cross examined Mr. Sham . . . Judge Ellison's face was turning very red . . . [Mr. Sham] could not keep his lies straight." (*Id.* p. 8).

- "The entire hearing was a debacle on the part of the agency as witness after witness. [sic] Contradicted themselves on cross and re-cross, contradicted their narrative and contradicted their 'testimony before the board.' At all relevant times during the course of the hearing Judge Elison was taking notes. Each time one of the agency witnesses were [sic] caught in contradiction, Judge Elison shook his head and made even more notes." (*Id*. p. 9).

In support of his allegations of bias, Ocasio merely cites to several provisions of what appears to be a handbook regarding MSPB judicial ethics, but he does not set forth the ethical violations he contends occurred. It appears from the record that Ocasio unsuccessfully sought to have Judge Ellison removed during the administrative process. (*See id*. p. 11; ECF No. 10-3, Larbi Decl. at Ex. 1 p. 2).

   The MSPB responds by first noting that the discovery from the California case Ocasio mentioned was disclosed in 2003, just a few years after the ALJ's 2001 decision. Therefore, there was nothing unusual about the reference to the notes in the present tense. Indeed, the existence of the notes only a few years after the 2001 decision is consistent with the ALJ's declaration that he retained his notes for two years.

   Finally, the MSPB argues that Ocasio is improperly attempting to use this FOIA litigation to collaterally attack the MSPB proceedings. It notes that Ocasio appealed the MSPB decision on behalf of Lugo to the United States Court of Appeals for the Federal Circuit, but the appeal was dismissed for failure to prosecute. Ocasio later filed an untimely petition for review before the

MSPB, which was denied. He then sought review in the Federal Circuit, which affirmed the MSPB's decision.

## II.     LEGAL STANDARD

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." *Holcomb*, 433 F.3d at 895 (quoting *Liberty Lobby*, 477 U.S. at 248). "An issue is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

> In most instances, FOIA cases are decided on motions for summary judgment. *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

*Fletcher v. U.S. Dep't of Justice*, 905 F. Supp. 2d 263, 266–67 (D.D.C. 2012) (some citations omitted). Agency "affidavits are afforded a presumption of good faith, and an adequate affidavit can be rebutted only with evidence that the agency's search was not made in good faith." *Fischer v. U.S. Dep't of Justice*, 723 F. Supp. 2d 104, 108 (D.D.C. 2010). "The affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or

sweeping." *Stein v. U.S. Dep't of Justice*, 197 F. Supp. 3d 115, 121 (D.D.C. 2016) (citing *Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1387 (D.C. Cir. 1979)).

## III.   ANALYSIS

Here, there is no question that the MSPB has fulfilled its FOIA obligations.  MSPB released to Ocasio all the records he sought, except the ALJ notes, which Judge Ellison declared under oath no longer exist because he destroyed them, as was his practice.  (ECF No. 10-4).  Ocasio has not proffered any evidence to refute the declaration and therefore it is entitled to "a presumption of good faith."  *Fischer*, 723 F. Supp. 2d at 108.  An agency "does not control a record which has been destroyed . . . and it is under no obligation to obtain a duplicate of or to re-create a record in order to fulfill a FOIA request."  *James v. U.S. Secret Serv.*, 811 F. Supp. 2d 351, 358 (D.D.C. 2011), *aff'd*, No. 11-5299, 2012 WL 1935828 (D.C. Cir. May 11, 2012); *see also Jones v. FBI*, 41 F.3d 238, 249 (6th Cir. 1994) (noting that the court "cannot order the FBI to make amends for any documents destroyed prior to the request").  Moreover, Ocasio has not provided any legal authority to establish that the ALJ or the MSPB had any legal obligation to maintain the notes.  Indeed, "the fact that responsive documents once existed does not mean that they remain in the [agency's] custody today or that the [agency] had a duty under FOIA to retain the records."  *Wilbur v. C.I.A.*, 355 F.3d 675, 678 (D.C. Cir. 2004); *see also Yeager v. Drug Enforcement Admin.*, 678 F.2d 315, 321 (D.C. Cir. 1982) ("A requester is entitled only to records that an agency has in fact chosen to create and retain.").

Finally, this FOIA action is not the proper vehicle to challenge any purported bias by Judge Ellison.  MSPB regulations provide that:

> A party may file a motion asking the judge to withdraw on the basis of personal bias or other disqualification.  <u>This motion must be filed as soon as the party has reason to believe there is a basis for disqualification</u>.  The reasons for the request must be set out in an affidavit or sworn statement under 28 U.S.C. 1746. . . .

> If the judge denies the motion, the party requesting withdrawal <u>may request certification of the issue to the Board as an interlocutory appeal</u> under § 1201.91 of this part.  <u>Failure to request certification is considered a waiver of the request for withdrawal</u>.

5 C.F.R. § 1201.42(b)-(c)(emphasis added).  Nothing in the MSPB regulations or the FOIA allows Ocasio to mount a collateral attack of Judge Ellison's ruling via this lawsuit.  Accordingly, the court will grant the MSPB's motion for summary judgment.

## IV.   CONCLUSION

For the reasons set forth above, the court finds that summary judgment for the MSPB is appropriate.  Therefore, the court will deny Ocasio's motions for summary judgment.  With respect to Ocasio's Motion to Take Judicial Notice of the Hearing Transcript from the administrative proceedings, the court will deny the motion because the hearing transcripts are irrelevant to the case at bar.

The Clerk of the Court shall mail a copy of this order to:

>   JUAN CARLOS OCASIO
>   2245 Baker Avenue
>   Apartment 5D
>   Bronx, NY 10467

Date:  March 23, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge